

March 26, 2014

**VIA ECF**
Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    **Kathy Echevarria v. Diversified Consultants, Inc.**
                 **Case No.:  13-cv-4980**

Dear Judge Kaplan,

      This office represents Defendant Diversified Consultants, Inc. ("DCI") in the above-referenced matter. Please accept this letter brief in lieu of a more formal submission. Defendant moves to have the Court consider the Objections it filed to Judge Peck's Report and Recommendation, dated February 28, 2014 (which recommended granting Plaintiff's motion for summary judgment) (the "Report and Recommendation"), to be timely filed despite the fact that Defendant mistakenly failed to file via ECF.

      On March 24, 2014, Judge Peck denied Defendant's Motion to Stay Proceedings. In the Order and Opinion, the Court noted that DCI had failed to file any Objections to the Report and Recommendation. However, Defendant did timely file its Objections. On March 14, 2014 (the day it was due), Defendant filed its Objections by sending it via e-mail to the Clerk's office, forwarding a courtesy copy to Your Honor's chambers and providing a copy to our adversary. The reason we filed it in this manner is that the Report and Recommendation stated that the Objections were to be filed with the "Clerk of the Court." Defendant mistakenly believed this meant it should not be electronically filed via ECF.

      Thereafter, the Clerk's office contacted us via e-mail and asked that we send a hard copy of the Objections to them. (Please see e-mail attached hereto as Exhibit A). No mention was made of filing via ECF. We promptly mailed a hard copy to the Court, as per its request, and reasonably believed the Objections had been properly filed.

      It was not until receiving the Order and Opinion that DCI first learned that Judge Peck believed Defendant had not filed any Objections. Defendant immediately wrote a letter to Judge

Peck advising his Honor of what had transpired, and requesting that the Court consider the Objections to be timely filed. In response, Judge Peck issued an endorsed memo, dated March 25, 2014, stating that to "file with clerk of Court means to follow ECF Rules and that means file by ECF."[1] However, it is reasonable that Defendant's counsel misunderstood this instruction.

For these reasons, we believe the Objections were timely filed. However, even if the Court believes such is not the case, the Court may provide a *nunc pro tunc* extension of time, pursuant to Rule 6(b), which provides that "where the specified period for performance of an act has elapsed . . . [the Court should] permit the tardy act where the omission is the result of excusable neglect." Kingsway Financial Services, Inc. v. Pricewaterhousecoopers, LLP., 2006 WL 1295409, *3 (S.D.N.Y. May 10, 2006). "[E]xcusable neglect under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions causes by circumstances beyond the control of the movant." Id.

"In determining what sorts of neglect will be considered excusable…the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., P'ship, 507 U.S. 380, 395 (1993). "[C]ourts should consider the prejudice to the non-delinquent party, the length of the delay and its impact on the judicial proceeding, the reason for the delay and whether it was within the delinquent party's control and whether the movant acted in good faith." Kingsway supra at *3.

Here, there was no prejudice to Plaintiff whatsoever as counsel was timely served with Defendant's Objections. Further, any delay caused by not filing the Objections via ECF was inconsequential and had little to no impact on the judicial proceedings. (Defendant will immediately file the Objections via ECF if the Court permits us to do so). Finally, as discussed above, Defendant's counsel reasonably misunderstood the Court's instructions. It certainly acted at all times in good faith.

Considering all of the relevant factors, Defendant has demonstrated excusable neglect for not filing its Objections via ECF. Defendant respectfully requests that the Court permit Defendant to file its Objections now via ECF, and consider that document to be timely filed.

---

[1] Judge Peck further stated that he never received a courtesy copy of Defendant's Objections. While Defendant's failure to provide Judge Peck with a courtesy copy was an inadvertent oversight, Defendant has since corrected this by sending Judge Peck a courtesy copy today, via Federal Express.

Hon. Lewis A. Kaplan
March 26, 2014
Page 3

                                                    Respectfully submitted,

                                                    Cindy D. Salvo

cc:   Yitzchak Zelman, Esq. (via ECF)