UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KATHY ECHEVVARIA,

        Plaintiff,                      Case No. 1:13-cv-04980-LAK-AJP

   - against -

DIVERSIFIED CONSULTANTS, INC.,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN RESPONSE TO THE DEFENDANT'S OBJECTIONS TO MAGISTRATE PECK'S REPORT AND RECOMMENDATION DATED FEBRUARY 28, 2014**

        Respectfully submitted,

        Alan J. Sasson, Esq. (AS8452)
        LAW OFFICE OF ALAN J. SASSON, P.C.
        1669 East 12th Street, 2nd Floor
        Brooklyn, New York 11229
        Phone:    (718) 339-0856
        Facsimile: (347) 244-7178

        *Attorney for Plaintiff Kathy Echevvaria*

A. **Preliminary Statement**

Plaintiff, Kathy Echevarria, by her undersigned counsel, respectfully submits this Memorandum of Law in response to the Defendant's Objections to the Report and Recommendation of Magistrate Andrew Peck. The Complaint filed in this action alleged that the Defendant violated the Telephone Consumer Protection Act ("TCPA") numerous times, in using an autodialer and/or predictive dialer to repeatedly contact the Defendant without her consent. Following extensive written discovery and numerous oral depositions conducted in this action, both the Plaintiff and Defendant filed Motions for Summary Judgment pursuant to FRCP 56.

On February 28, 2014, Magistrate Peck issued a 25-page Report which recommended that the Defendant's motion for summary judgment be denied and that the Plaintiff's cross-motion for summary judgment be granted. Magistrate Peck further found that the Defendant willfully violated the TCPA, and recommended that the Defendant pay enhanced damages for its willful violations of the TCPA.

On March 15, 2014, the Defendant emailed the undersigned its Objections to Magistrate Peck's Report.[1] In its Objections, the Defendant raises a number of separate arguments, which are each addressed in turn herein. As delineated below, none of these arguments warrant disturbing the findings and recommendations contained in Magistrate Peck's extensive Report. Accordingly, the Plaintiff respectfully requests that its motion for summary judgment be granted in its entirety.

---

[1] Magistrate Peck has since found that Defendant's Objections were waived, as the Objections were not timely filed with the Court. *See,* Docket 42. On March 26, 2014, The Defendant then filed a Letter Motion to have its Objections deemed timely filed. *See,* Docket 46. Plaintiff takes no position as to the Defendant's motion, and does not anticipate opposing that motion, instead deferring the outcome of that Motion to this Court's discretion.

### A. Defendant Utilized A 'Predictive Dialer' To Contact The Plaintiff, Which Is Included Within The Purview Of The TCPA.

Defendant initially argues that the applicability of the TCPA to predictive dialers is still 'in flux', as there are three petitions currently before the FCC concerning that issue. However, the Defendant has already filed a Motion to Stay this action based on this issue, which Magistrate Peck denied. *See,* Docket 42. In denying the request to stay this action, Magistrate Peck found it telling that the Defendant only moved for a stay after its own summary judgment motion was denied.

The Defendant's objections on this basis are further meritless for a number of separate and distinct reasons. In opposition to the Defendant's Motion to Stay this action on the basis of this issue, the undersigned prepared an extensive 17-page Memorandum of Law in Opposition, setting forth why this action should not be stayed on the basis of the pending FCC petitions. As Magistrate Peck denied the Defendant's Motion before the Plaintiff's responsive Memorandum in Opposition could be filed, that Memorandum was never submitted to this Court. However, the reasons set forth therein are too extensive to be fully reiterated here, and the Memorandum of Law on that issue is therefore annexed hereto as Exhibit "A".

### B. Treble Damages Are Properly Awarded As The Defendant's Violations Of The TCPA Are Indisputably Willful.

Magistrate Peck recommended that enhanced damages of $1,500 per call should be awarded for the Defendant's 26 willful violations of the TCPA. In doing so, Magistrate Peck referenced the Plaintiff's sworn deposition testimony, which reflected that the Plaintiff spoke with the Defendant's representative on February 1, 2013, and that Plaintiff informed the Defendant on that date that they were calling the wrong party. That deposition testimony was supported by the Plaintiff's AT&T phone records, which reflect a call being placed to the

Defendant on that date, along with the Defendant's phone records, which reflect that a call was received from the Plaintiff on that date.

Defendant now contends that the Defendant's Account Notes do not reflect any conversations with the Plaintiff. Defendant maintains that at a trial, a jury would hear how Defendant's representatives are trained to notate such conversations in the Account Notes. Defendant further contends that the Defendant does not have any call recording for the February 1, 2013 phone conversation. Defendant maintains that at trial, a jury would hear how the Defendant's conversations are all recorded.

What is completely unexplained is why the Defendant <u>never</u> mentioned either of these contentions until the instant Objections. Nowhere in the Defendant's Motion for Summary Judgment, nor in its Opposition to Plaintiff's Motion for Summary Judgment, does the Defendant mention the absence of the Account Note notations, or the absence of any call recording. A review of the Defendant's Declarations annexed to its original moving papers does not reflect either of these two arguments ever being raised.

As these two contentions were never before the Magistrate when he determined the parties' respective motions for summary judgment, they cannot now be considered by this Court. "Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." *Chiari v New York Racing Ass'n Inc.*, 12-CV-0598 SJF AKT, 2013 WL 5234242 (EDNY Sept. 16, 2013), <u>appeal dismissed</u> (Feb. 6, 2014); *Azkour v. Little Rest Twelve, Inc.,* No. 10 Civ. 4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012). <u>See also</u>, *Ginorio v Contreras*, 409 F Supp 2d 101, 111 (DPR 2006) <u>affd sub nom.</u> *Guillemard-Ginorio v Contreras-*

*Gomez*, 490 F3d 31 (1st Cir 2007) ("The rule [Fed.R.Civ.P. 72(b)] does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.").

Additionally, it is noted that there is absolutely no evidence in admissible form that the Defendant records their phone calls or that its collectors are trained to notate conversations in their Account Notes.  Nor is there any evidence in admissible form that the Defendant does not have a recording of the alleged conversation or that the Defendant does not have those notations in its account notes.  The first and only place those issues are raised or mentioned is in the Defendant's Objections, filed and signed by Defendant's Counsel.  There is no indication that Defendant's counsel has any personal knowledge of these contentions, as required in order to create an issue of fact sufficient to oppose the Plaintiff's Motion for Summary Judgment.

It has been held that summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). Once a party moving for summary judgment has made the requisite showing that there is no factual dispute, the nonmoving party bears the burden of presenting evidence to show that there is, indeed, a genuine issue for trial. See, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Such evidence may be, and frequently is, presented in the form of affidavits which, when used, "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e); *Santos v Murdock*, 243 F3d 681, 683 (2d Cir 2001).  Here the Defendant's Counsel is merely offering that two separate and previously undisclosed

facts exist, which a jury would find meaningful.  Defendant's Counsel does not offer her source of knowledge of these contentions, nor are these contentions otherwise supported in the extensive evidentiary record before this Court.  It is therefore respectfully submitted that these contentions should therefore not be considered by this Court.

Defendant cites to *Levy v Receivables Performance Mgt., LLC*, 11-CV-3155 JFB ARL, 2013 WL 5310166 (EDNY Sept. 23, 2013) to support its contention that treble damages cannot be granted on summary judgment.  In *Levy,* the Defendant actually raised the issue of its collection notes in opposition to the *Levy* Plaintiff's motion for summary judgment, an argument which is only presented here in the Defendant's instant objections to the Magistrate's Report. Additionally, the *Levy* Court found that based on the facts presently before it, there was a factual issue as to when, exactly, the conversation between the *Levy* plaintiff and Defendant took place. Based on the specific facts before it, the *Levy* Court accordingly granted the plaintiff's motion for summary judgment, and reserved the issue of willfulness for the jury.  The factual disputes presented in the *Levy* holding are simply not present in the instant action.  *Levy* is therefore inapposite.

### C. There Is No <u>Genuine</u> Issue Of Fact As To Plaintiff's Entitlement To Summary Judgment.

Defendant relies on its foregoing contentions to argue that these purported issues of facts resultantly require the denial of the Plaintiff's motion for summary judgment.  Defendant, however, misconstrues the meaning and importance of 'issues of fact' in its argument.  It has been repeatedly held that "no <u>genuine</u> issue exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  <u>Sala v Gates Const. Corp.</u>, 868 F

Supp 474, 476 (EDNY 1994); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).

In this action, the Defendant has not presented any evidence in opposition to Plaintiff's motion for summary judgment which would allow a reasonable jury to find in its favor.  In support of Plaintiff's contention that she informed the Defendant to stop calling her on February 1, 2013, Plaintiff submitted her sworn deposition testimony, her AT&T records and the Defendant's own Account Notes, all of which corroborate her contention.  In opposition, the Defendant only submitted a Declaration of its employee, Mavis Pye.  The Pye Declaration merely declares that Defendant was never aware that it had the wrong number until it received the lawsuit in this action.  The Pye Declaration does not address or respond to the Plaintiff's sworn testimony of her phone call, the Plaintiff's AT&T records or the Defendant's own Account Notes, which reflect that a call was received from the Plaintiff on February 1, 2013. Accordingly, Magistrate Peck properly found that while the Defendant attempted to raise an issue of fact, it was not a 'genuine' issue.

### D. The Defendant Acted Willfully Where It Knew, Or Should Have Known, That Its Dialing System Was An Autodialer As Prohibited By The TCPA.

Defendant finally contends that its violations of the TCPA could not have been willful, as its dialing system did not have the capacity to dial numbers randomly or in a sequential order. Defendant argues that it was this test which 'traditionally' determined whether a phone system was included within the purview of the TCPA.  The Defendant neglects to mention that this 'traditional' test changed over ten years ago, after the FCC expanded the TCPA's scope to include predictive dialers back in 2003.

As made clear by the deposition testimony of the Defendant's own representative, the Defendant's dialing system was used to store 3,000,000 phone numbers every day in its database, and to call those numbers, without human intervention. This is exactly what the FCC prohibited in 2003, when it defined an "automatic telephone dialing system" to include predictive dialers. *See, In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 18 FCC Rcd. 14014, 14091–93 (July 3, 2003)("A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, *or from a database of numbers*. The Commission finds that a predictive dialer falls within the meaning and statutory definition of an 'automatic telephone dialing equipment' and the intent of Congress.").

E. Conclusion

It is respectfully requested that Magistrate Peck's Report and Recommendation be adopted in its entirety. That the Defendant utilized a predictive dialer in this action to repeatedly call the Plaintiff's cell phone is essentially undisputed. That the FCC has determined predictive dialers to be encompassed by the TCPA is also not subject to credible dispute. The Defendant's violations of the TCPA were clearly willful where the evidence before the Magistrate at summary judgment clearly reflected that a call was made to the Defendant, that the call was received by the Defendant, and that during the call, the Plaintiff informed the Defendant that they had the wrong number. Accordingly, the Magistrate properly found that the Defendant willfully violated the TCPA, thereby awarding the Plaintiff the accompanying enhanced damages

provided by the statute.  It is therefore respectfully submitted that Magistrate Peck's Report be adopted in its entirety.

                    **/s/ Alan J. Sasson**_____
                    Alan J. Sasson, Esq. (AS8452)
                    LAW OFFICE OF ALAN J. SASSON, P.C.
                    1669 East 12th Street, 2nd Floor
                    Brooklyn, New York 11229
                    Phone:    (718) 339-0856
                    Facsimile: (347) 244-7178

                    *Attorney for Plaintiff Kathy Echevvaria*