UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KATHY ECHEVVARIA,

                Plaintiff,

      -against-                                        13 Civ. 4980 (LAK)

DIVERSIFIED CONSULTANTS, INC.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/14
```

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        This is an action alleging willful violations of the Telephone Consumer Protection Act ("TCPA"). Specifically, plaintiff Echevarria alleges that defendant Diversified Consultants, Inc. "willfully violated TCPA 47 U.S.C. § 227(b)(A)(iii) by waging a campaign of computer generated unauthorized autodialed telephone calls to [Echevarria's] mobile telephone" while knowing that the telephone number did not belong to the person it sought to contact.[1]

        In a report and recommendation dated February 28, 2014 (the "R&R"), Magistrate Judge Andrew J. Peck recommended that plaintiff's motion for summary judgment be granted and that defendant's motion for summary judgment dismissing the complaint be denied. Now before the Court are defendant's motion to extend the time within which to file objections to the R&R *nunc pro tunc* and, if that motion were granted, defendant's objections (which actually never have been filed in accordance with the local rules).

        The events that followed the issuance of the R&R left a lot to be desired. The R&R clearly stated that the parties had fourteen days within which to "file" written objections.[2] Fed. R. Civ. P. 5(d) provides that a paper is "filed" by delivering it to the clerk or, if a local rule so requires, by electronic filing. Local Civil Rule 5.2 of this Court requires "[p]arties serving and filing papers [to] follow the instructions regarding Electronic Case Filing (ECF) published on [the Court's] website." With exceptions not here relevant, Section 1.1 of the ECF Rules provides that "all

---

[1] Cpt. ¶ 15.

[2] So too does Fed. R. Civ. P. 72(b)(2).

documents required to be filed with the Court must be filed electronically." Sections 13.2 and 13.7 make abundantly clear that this is to be done by logging in to the Electronic Case Filing system and following the instructions there provided. Moreover, defendant's counsel is a member of the Bar of this Court, a status that cannot be achieved without registering as a user of the ECF system.

Despite all of this, and despite filing numerous papers in this case (including her motion for summary judgment) on the ECF system, defendant's counsel failed to file objections on the ECF system as required. Rather, on the date on which the objections were due, the same counsel who had filed paper after paper on the ECF system in this case for some reason emailed objections to the Clerk's office. The following business day, and thus after the expiration of the time within which to file objections, someone in the Clerk's office misinformed her that she should resubmit the objections in hard copy to the Orders and Appeals clerk. Counsel claims that she did this via Federal Express.

In the course of denying another motion by the defendant, Judge Peck later noted that the defendant had not filed objections to the R&R. Defendant's counsel protested, recounting the foregoing. DI 43. At that point, Judge Peck endorsed counsel's letter with the quite correct notice that "[t]o 'file with the Clerk of Court' means to follow the ECF Rules – and that means file by ECF."

Defendant's counsel then filed a letter motion before the undersigned "to have the Court consider the Objections it filed to Judge Peck's Report and Recommendation . . . to be timely filed despite the fact that Defendant mistakenly failed to file via ECF." DI 46. She argues that an extension of time *nunc pro tunc* should be granted under Fed. R. Civ. P. 6(b) on the ground of excusable neglect.

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*,[3] the Supreme Court held that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect,"[4] it is a somewhat "elastic concept" that may encompass situations in which the failure to comply with a deadline is attributable to negligence.[5] The

---

[3] 507 U.S. 380 (1993).

[4] *Id.* at 392.

[5] *Id.* at 392, 394.

Although in *Pioneer* the Supreme Court considered the term in the context of Bankruptcy Rule 9006(b)(1), courts since have applied the *Pioneer* analysis to a variety of federal rules, including Rule 6(b)(1). *See, e.g., Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 365-66 (2d Cir. 2003); *In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997).

3

"determination is at bottom an equitable one."[6] Excusable neglect under Rule 6(b), however, requires "good faith and a reasonable basis for noncompliance."[7] Following *Pioneer*, the Second Circuit consistently has held that although a court *may* find excusable neglect in situations where a party failed to comply with a filing deadline, "the failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect."[8] Indeed, the Second Circuit has noted that in such cases, "the equities will rarely if ever favor a party who 'fail[s] to follow'" a clear court rule.[9]

This is a case in which the equities are against the applicant. The rules of this Court with respect to filing are perfectly clear. Defendant's counsel was well aware of them, as she and her associate had filed every other paper in this case using the ECF system. Whatever possessed counsel to email objections to the Clerk's office rather than filing them through ECF, let alone to do so on the last day for filing, was not excusable. Moreover, it bears mention that defendant has yet to file the objections on the ECF system.

All of that said, the Court need not rely alone on the untimeliness of the objections. The objections were received by the undersigned long after they should have been filed, and the Court has reviewed them. They are without merit. It is appropriate to address only the contention that there was a disputed issue of fact as to whether plaintiff ever informed defendant that it had reached the wrong number.

Paragraph 5 of plaintiff's Rule 56.1 statement, which is supported by her testimony, asserted that she called the defendant on February 1, 2013, informed it that she was not the person it was calling, and told it to stop calling her. DI 22. Defendant's Rule 56.1 Statement and Rule 56.1 Counter-Statement purported to deny plaintiff's averment and to claim that defendant never spoke to plaintiff. DI 26 ¶ 3, DI 33 ¶ 5. Local Civ. R. 56.1(d), however, provides that "[e]ach statement by the . . . opponent . . . , including each statement controverting any statement of material fact, must be followed by a citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."[10] Rule 56(c) specifies that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence,

---

[6] *Pioneer*, 507 U.S. at 395.

[7] *Painewebber,* 147 F.3d at 135.

[8] *Canfield*, 127 F.3d at 250; *see also Silivanch*, 333 F.3d at 366-67.

[9] *Silivanch*, 333 F.3d at 366 (quoting *Canfield*, 127 F.3d at 250-51) (alteration in original).

[10] Fed. R. Civ. P. 56(c)(1)(A) likewise requires that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."

and show that the affiant or declarant is competent to testify on the matters stated."[11] Defendant's Rule 56.1 Statement, however, relied solely on a declaration by defendant's Compliance Manager who lacked personal knowledge [DI 17] and its Rule 56.1 Counter-Statement did not reference any evidence whatsoever for its denial that it spoke to plaintiff on February 1, 2013. Those assertions are therefore unsupported by admissible evidence. Moreover, defendant's own account history [DI 24-3] shows a call at 1:38 pm on February 1, 2013 and that the call was "transferred," which indicates that it was connected to one of defendant's representatives.[12] DI 22 ¶ 20. The purported denial that the plaintiff ever spoke with the defendant thus is proven false by defendant's own records and testimony.

The Court has considered defendant's other contentions and concluded that they are without merit.

Accordingly, defendant's letter motion for an extension of time *nunc pro tunc* [DI 46] is denied. Its objections to so much of the R&R as recommended that plaintiff's motion for summary judgment be granted are overruled on the alternative grounds that they are untimely and, assuming timeliness, fail on the merits. Plaintiff's motion for summary judgment [DI 21] is granted. Plaintiff shall have judgment against defendant in the amount of $39,500 together with reasonable attorney's fees and costs. Defendant's motion for summary judgment dismissing the complaint [DI 15] is granted. Following the assessment of attorney's fees and costs, the Clerk shall enter judgment and close the case.

SO ORDERED.

Dated:    April 21, 2014

*[signature]*
Lewis A. Kaplan
United States District Judge

---

[11] Fed. R. Civ. P. 56(c)(4).

[12] Plaintiff's AT&T wireless phone records include also a call at 1:38 pm on February 1, 2013 with defendant. DI 35-2. While it is unclear who initiated the phone call, that is immaterial in light of the undisputed evidence that a call took place at that date and time and that it was the only call, according to defendant's own records, that resulted in a transfer to one of defendant's representatives. DI 24-3.